BRADLEY, Judge.
Review by certiorari is sought here of an order holding petitioner in contempt for failure to answer questions propounded to him concerning his sales tax liability and for refusal to produce sales records demanded by the Alabama Department of Revenue (Revenue Department).
On October 11, 1979 the Revenue Department issued a notice to petitioner requesting him, under the authority of § 40-23-22, Code 1975, to produce certain business records for the purpose of assessing his sales tax liability. Petitioner thereafter wrote to the Revenue Department, questioning the authority of the Department to require production of the enumerated records, and refusing to produce the records until his questions were answered.
On November 27, 1979 the Revenue Department issued a subpoena to petitioner, pursuant to §§ 40-2-11(8) and 40-23-22, Code 1975, directing him to appear before the Circuit Court of Montgomery County and produce the requested sales tax records *304 for the periods of October 1, 1976 through September 30, 1979. Petitioner responded by filing a complaint in federal district court on December 12,1979 seeking to have §§ 4G-18-56 (mistakenly included in the pleadings but not involved in the disposition of this case), 40-2-11(8) and 40-23-22, Code 1975, declared unconstitutional. The federal district court declined to take jurisdiction of the matter, and petitioner appealed that decision to the Fifth Circuit Court of Appeals. The district court ruling was eventually upheld on February 13, 1981.
During the pendency of the federal court proceeding, petitioner was again served with a subpoena issued by the Revenue Department, requiring him to appear before the circuit court for a hearing. At the January 3, 1980 hearing petitioner continued to refuse to produce the records, asserting as grounds for his refusal the fifth amendment privilege against self-incrimination. A rule requesting petitioner to show cause why he should not be held in contempt was issued, and decision on the matter was stayed pending the outcome of the federal court proceeding.
After the affirmance of the district court ruling by the Fifth Circuit Court of Appeals, petitioner filed suit in the Circuit Court of Montgomery County on April 22, 1981 challenging the constitutionality of the same code provisions. The circuit court rendered a judgment on petitioner’s suit on July 16, 1981, holding those portions of the statutes providing for a judgment of contempt without a hearing unconstitutional, and upholding the remaining portions of the laws. At the same time, the stay of the Revenue Department proceeding for contempt was lifted, and the matter was set down for hearing.
A hearing was held on August 14, 1981, and petitioner again refused to answer questions or produce records on the grounds of the fifth amendment privilege. On September 29, 1981 the circuit court ruled that the requested tax records were not privileged under the fifth amendment. Petitioner was ordered to appear in court again, and the matter was heard once more. Petitioner again refused to comply with the court’s order, and the court found him in contempt of court. The contempt sentence was stayed pending review by this court.
Petitioner asserts basically three issues in his petition: (1) whether, in the absence of any proof that he is subject to the taxing provisions of §§ 40-23-1 through -38, Code 1975, the Revenue Department can properly subpoena the alleged sales tax records; (2) whether a taxpayer’s business records are protected by the fifth amendment privilege against self-incrimination; and (3) whether the circuit court’s ruling holding petitioner in contempt was proper.
Petitioner first argues that the Revenue Department has failed to produce any evidence that he is a person who is required to keep records under the sales tax provision of the Code and that, in the absence of such proof, the Department’s subpoena for the alleged business records is unfounded. Section 40-23-9, Code 1975, provides in pertinent part:
It shall be the duty of every person engaging or continuing in this state in any business for which a privilege tax is imposed by this division, to keep and preserve suitable records of the gross sales, gross proceeds of sales and gross receipts or gross receipts of sales of such business and such other books or accounts as may be necessary to determine the amount of tax for which he is liable, under the provisions of this division. [Emphasis supplied.]
After a careful review of the record we are unable to find any evidence that petitioner was engaged in a business which would subject him to the sales tax provisions of the Code. The hearings apparently proceeded on the assumption that petitioner was engaged in a business regulated by the statute, although toward the end of the last contempt hearing, petitioner specifically objected to the questions seeking answers concerning records required to be kept by § 40-23-9 on the ground that it had not been shown that he was engaged in a business which would require him to keep such records. In the absence of proof that petitioner was engaged in a business which would subject him to the sales tax law, we *305 are unable to perceive how petitioner can be required to say whether he has records required to be kept by § 40-23-9, Code 1975. See Boswell v. General Oils, Inc., 368 So.2d 27 (Ala.Civ.App.1978), cert. denied, 368 So.2d 30 (Ala.1979). The explicit language of the Code section requires proof that a person is engaged in such a business before that person can be required to keep the enumerated records. Consequently, we must reverse the trial court’s judgment holding petitioner in contempt for refusing to answer questions concerning records required to be kept by § 40-23-9, Code 1975.
Recognizing that a new trial is probably inevitable, we consider it proper, as an aid to the parties and the trial court, to consider petitioner’s other contentions.
Petitioner’s next contention is that the fifth amendment privilege against self-incrimination is a good defense against the requirement of producing business records for examination by the Revenue Department. Petitioner contends that because, under § 40-23-11, Code 1975, Alabama law makes it a misdemeanor to fail to keep records for sales tax purposes, and since any information obtained by the Revenue Department would possibly be conveyed to the Internal Revenue Service in aid of their ongoing tax investigation of petitioner, any statement made by him as to the existence or nonexistence of the records, and production of those records, if any, would form “a link in a chain of evidence which could tend to incriminate [petitioner] at some point in the future under either State or Federal law.”
Petitioner’s argument, however, fails to take into account the “required records” exception to the privilege against self-incrimination. Under that exception the constitutional protection of the fifth amendment privilege against self-incrimination does not extend to records required by law to be kept in order that there may be suitable information concerning transactions which are the appropriate subjects of governmental regulation and that restrictions validly established may be enforced. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911); In re Grand Jury Proceedings, 601 F.2d 162 (5th Cir.1979). The rationale behind the exception is that the public interest in obtaining such information outweighs the private interest opposing disclosure. Such records become tantamount to public records. In re Grand Jury Proceedings, supra.
We find that the “required records” exception to fifth amendment protection effectively precludes petitioner’s successful assertion of the privilege against self-incrimination in attempting to prevent the examination of business tax records by the Revenue Department. Section 40-23-9, Code 1975, requires every person engaged in a business subject to the sales tax provisions to maintain records for the purpose of determining his sales tax liability. Section 40-23-22, Code 1975, authorizes the Revenue Department “to examine any books, papers or documents of the taxpayer,” and, in the event of the taxpayer’s refusal to allow examination of his papers, to summon the taxpayer to court with an order to produce the documents for examination at that time. Petitioner’s business sales tax records clearly fall within that category of records required by law to be kept for the purpose of providing information on transactions which are the appropriate subjects of governmental regulation. Individual or business tax records should not be accorded fifth amendment protection. See Stern v. Robinson, 262 F.Supp. 13 (W.D.Tenn.1966). The pertinent books and records provide the Revenue Department with an effective means of assessing sales tax liability; without the ability to obtain that information through examination of the records, the Department would be effectively prevented from enforcing the taxing power of the state.
We should not be interpreted as holding that the “required records” doctrine obliterates the privilege against self-incrimination by allowing any record to be required of any person. An individual may invoke the fifth amendment privilege if the records required by law to be maintained do not have “public aspects.” In re Grand Jury Proceedings, supra.
We would further note that the mere production of records for Revenue Depart *306 ment examination is no more a violation of the privilege against self-incrimination than the requirement that the record itself be kept, since it is only the record itself which might reveal a noncompliance with the law. In re Grand Jury Proceedings, supra. Petitioner’s refusal to produce the requested records on fifth amendment grounds was, therefore, unjustified.
Petitioner lastly contends that the circuit court’s judgment holding him in contempt is erroneous, since the penalty provisions of §§ 40-2-11(8) and 40-23-22, Code 1975, had previously been struck down as unconstitutional by the circuit court. Petitioner argues that the court therefore had no power to enter a judgment of contempt.
Petitioner’s argument is misguided. First, it should be noted that all courts have the inherent power to punish for contempt, in the interest of protecting their dignity and demanding obedience to their decrees. Ex parte Dickens, 162 Ala. 272, 50 So. 218 (1909). Secondly, in its July 16, 1981 decree, the Montgomery County Circuit Court invalidated only those portions of §§ 40-2-11(8) and 40-23-22, Code 1975, authorizing the court to sentence a taxpayer for contempt without a hearing, upon the mere certification by the Revenue Department that the taxpayer has refused to testify or produce documents requested by subpoena. The court specifically held, however, that “[t]he remaining provisions of the statutes are complete within themselves, sensible and capable of execution and, in accordance with the severability clause in Ala.Code § 1-1-16, should remain in full effect.”
Section 40-23-22, Code 1975, as corrected, provides in pertinent part:
Any person who willfully fails to appear before the department after having been summoned as a witness, or having appeared refuses to testify as to any material matters required of him by the department, or any taxpayer or his agent who refuses to produce before the department after notice given him, any books, papers, invoices or documents required to be produced ... and any taxpayer who refuses to allow the department or any authorized agent thereof to inspect or examine said books, papers, invoices or documents at the office of such taxpayer, where said books are kept during business hours, shall be guilty of contempt

This statute, and the inherent power of the court, specifically authorize the circuit court to enter a judgment of contempt against petitioner when it is shown that the records he was asked to furnish for examination are not privileged under the fifth amendment.
In reviewing the propriety of the trial court’s judgment of contempt, we must uphold the judgment of the circuit court if there is any evidence to support its findings. Murphy v. Murphy, 395 So.2d 1047 (Ala.Civ.App.1981). In its September 29, 1981 ruling, the circuit court specifically held that petitioner’s records were not privileged under the fifth amendment. Nevertheless, petitioner consistently failed to obey the court’s order to comply with the Revenue Department subpoena. Had there been evidence before the trial court that petitioner was engaged in a business which required him to collect and remit sales tax, we would have concluded that there was evidence to support a judgment of contempt.
REVERSED AND REMANDED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs specially.