BEATTY, Justice.
These cross petitions for certiorari concern the scope of the Department of Revenue’s authority under Code of 1975, § 40-2-11(8), to seek information from individuals regarding their potential sales tax liability. We reverse on the Department of Revenue’s petition, concluding that the Court of Civil Appeals erred in requiring the Department of Revenue to first prove that respondent Klingler is engaged in a business for which he must collect and remit a sales tax before seeking records relevant to determining that very matter. On Klingler’s cross petition raising constitutional issues, we affirm.
The facts are sufficiently stated in the opinion of the Court of Civil Appeals. Our disagreement with that opinion is that it relies on Code of 1975, § 40-23-9, to define the scope of the Department’s authority to seek tax information. That statute, which is quoted in the opinion under review, simply requires those engaged in any business for which a privilege tax is imposed to maintain suitable records. The Department must determine whether individuals are in fact engaged in business, and if so, must determine the amount of their tax liability. Information relevant to such determinations may be contained in records maintained by these individuals and by third parties. To obtain this information, the Department has specific statutory authority. As explained in the opinion of the Court of Civil Appeals, the Department’s November 19, 1979, subpoena was issued pursuant to two statutes, Code of 1975, §§ 40-2-11(8) and 40-23-22. In brief the *309 Department relies only on § 40-2-11(8), which provides:
“It shall be the duty of the department of revenue, and it shall have the power and authority, in addition to the authority now in it vested by law:

“(8) To summon witnesses to appear and give testimony and to procure records, books, papers, documents and all other information of any kind or character required relating to any matter which the department shall have authority to investigate and determine....” (Emphasis added.)
The terms of this statute do not limit the Department’s subpoena authority to individuals who are obligated to keep records or who are liable for a tax. The Department argues that to read such a limitation into the statute would severely hinder its ability to administer the tax laws. In brief, the Department states:
“The Court’s reasoning ignores the fact that situations may arise in which the person subpoenaed is not required to keep and maintain the information sought. Also, in some cases the Department may have no means by which to independently verify that the person under investigation is subject to a tax. In those cases the person subpoenaed can ignore it and the Revenue Department would have no recourse. It could not file contempt proceeding[s] because it could not prove that the person was liable for a tax or required to have the subpoenaed records. If that situation is allowed to occur, the Revenue Department’s ability to obtain the information and records necessary to properly administer the tax laws will be effectively hampered. In many tax audits, it is necessary to obtain information and records from third parties, individuals not under investigation but who possess information relevant to an investigation. That class of individuals may include any person economically related to a taxpayer who may have relevant information concerning the taxpayer’s tax liability. Presumably, those people aren’t liable for a tax or required by law to keep the information sought in the investigation and therefore under the Court of Civil Appeals’ opinion they cannot be made to provide the information to the Department. While the information may be requested pursuant to a subpoena, the Department would have no recourse if the third party refused to comply.”
Klingler has given us no reason to doubt the validity of this reasoning, and it seems clear that the broad subpoena authority in § 40-2-11(8) is meant to avoid such difficulties. The Court of Civil Appeals answered this line of argument by extending its opinion to suggest that the Department may subpoena the records of “any third party” to prove that Klingler is engaged in business. The Department correctly argues that this suggestion is inconsistent with the holding that preliminary proof is necessary for the subpoena power to be exercised. If the Department can subpoena records from third parties without such proof, then it should also be able to subpoena records from Klingler on the same basis to determine his possible tax liability.
Contrary to Klingler’s assertions, such investigation by the Department is not a “despotic inquisition.” In brief the Department acknowledges that Klingler is free to respond to the subpoena by showing that he is not engaged in business or showing some other valid reason why he cannot produce the information sought. We see no reason why Klingler should not be liable for contempt if he refuses to respond altogether.
We do not foreclose a showing that the Department seeks information concerning matters outside “its authority to investigate and determine,” Code of 1975, § 40-2-11(8). In this case, however, the Department is clearly acting within its statutory authority, for it appears undisputed that the Department seeks only information relating to a business owned and operated by Klingler. We hold simply that the statute gives the Department access to such information for the purpose of investigating and determining Klingler’s possible sales tax liability arising from the business.
*310 On his cross petition, Klingler contends that the “required records” exception to the Fifth Amendment privilege against self-incrimination is inapplicable here. However, he fails to point out any error in the Court of Civil Appeals’ conclusion to the contrary. Clearly, the exception does apply to the extent that the Department is seeking records required to be kept by Code of 1975, § 40-23-9. However, it does not appear that at this point in the proceedings the trial court has reviewed any of the records in question to determine if they are in fact required by § 40-23-9, or some other relevant law. Thus, on remand, Klingler may present arguments that specific records sought cannot be considered required records within the meaning of the exception. If it is shown that any of the records do not fit within the exception, then the Fifth Amendment question must be considered. See In Re Grand Jury Proceedings, 601 F.2d 162, 168, 171 (5th Cir.1979); State Department of Revenue v. Oliver, 636 P.2d 1156, 1159-64 (Alaska 1981).
Klingler argues that the State of Alabama has denied him equal protection under the law by violating his Fifth Amendment right against incrimination and that he should be given a grant of immunity before being required to provide incriminating information. These arguments depend upon a finding that the Fifth Amendment is applicable. On remand, as we have explained, Klingler will have an opportunity to invoke the Fifth Amendment if he can establish that specific records are not required to be kept under the law.
For these reasons we affirm in part and reverse in part the judgment of the Court of Civil Appeals and remand for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Justices concur.