This is the second round in the continuing effort of the Alabama Department of Revenue (Revenue) to obtain from Harold H. Klingler, Jr. certain business records for a tax audit.
A short review of the factual history of the case will be helpful in understanding the issues in this round:
In October 1979 Revenue sought to obtain from Klingler certain business records for a sales tax audit. Klingler refused to produce the records. In November 1979 Revenue issued a subpoena to Klingler directing him to appear before the Circuit Court of Montgomery County for a hearing. Klingler refused to produce the records, asserting as grounds for his refusal the fifth amendment privilege against self-incrimination. A decision by the circuit court was stayed pending the outcome of an action in the United States courts. After an unfavorable decision in the federal courts, Klingler filed an action in the Circuit Court of Montgomery County challenging the constitutionality of the statutes requiring the production of certain business records for examination by the proper authorities.
In July 1981 the circuit court held that those portions of the statutes providing for a judgment of contempt without a hearing were unconstitutional, and upheld the remaining portions of the statutes. At the same time, the previous stay imposed on Revenue's efforts to require Klingler to produce the records was lifted and the matter was set for hearing.
At the hearing on August 14, 1981, Klingler again refused to produce the records or answer questions relating to them. In September 1981 the circuit court held that the requested tax records were not privileged under the fifth amendment and held Klingler in contempt for not producing them or answering questions about them. The first review sought in this court resulted from that judgment. Ex parte Klingler, 438 So.2d 302
(Ala.Civ.App. 1982). The judgment of this court was then reviewed by the supreme court, and it found that the records sought by Revenue were not protected by the fifth amendment and that Revenue did not have to first prove that Klingler was engaged in a business *Page 407 
for which such records were required to be kept before asking to see such records. Ex parte Klingler, 438 So.2d 307 (Ala. 1983).
After remand to the circuit court Klingler still refused to answer questions concerning the existence or contents of the business records. The circuit court, in response to Klingler's repeated refusals to answer questions posed by Revenue, entered an order holding Klingler in criminal contempt "for his failure to respond whatsoever to the Department's administrative subpoena and questions put by counsel for the Department." Klingler was ordered to pay a $50 fine. From this order Klingler appeals.
Certiorari, and not appeal, is the proper method to review a trial court's judgment of contempt if the contemnor is not incarcerated. Williams v. Stumpe, 439 So.2d 1297 (Ala.Civ.App. 1983). However, we choose to treat Klingler's appeal as a petition for certiorari. Citicorp Person to Person FinancialCenter, Inc. v. Sanderson, 421 So.2d 1293 (Ala.Civ.App. 1982). The scope of our review of a contempt citation is limited to questions of law and, if there is any evidence to support its finding, the judgment of the trial court will be upheld. Murphyv. Murphy, 395 So.2d 1047, 1049 (Ala.Civ.App. 1981).
In his brief Klingler contends that it would be double jeopardy for him to be retried in the circuit court and raises the same issue three ways. We disagree with all three contentions.
First, Klingler contends that it would be double jeopardy to retry his case on remand when his contempt conviction was reversed on appeal for lack of evidence. His conviction was not reversed for lack of evidence. The supreme court held that Revenue did not have to first show that Klingler was engaged in a business subject to the sales tax laws before it could seek such records. Klingler's conviction was not reversed for lack of evidence but for a misapplication of the law by this court.
Next, Klingler argues that he cannot be held in criminal contempt for his failure to produce records or testify as to records about his business when there has been no showing that he is required by law to keep such records. Again, no such showing is required. The supreme court held that, "If the Department can subpoena records from third parties without such proof, then it should also be able to subpoena records from Klingler on the same basis to determine his possible tax liability." Ex parte Klingler, 438 So.2d 307 (Ala. 1983).
Finally, Klingler contends that sections 40-2-11 (7), -11 (8), -20, and 40-23-22, Code 1975, are in violation of both the United States and Alabama constitutions. It was decided by this court and the supreme court in the first appeal that the "required records" exception to the fifth amendment protection precluded Klingler from asserting his privilege against self-incrimination in attempting to prevent the examination of business tax records by the Revenue Department. Ex parteKlingler, 438 So.2d 307 (Ala. 1983); Ex parte Klingler,438 So.2d 302 (Ala.Civ.App. 1982).
Since the issues raised by Klingler have been previously decided against him by both this court and the supreme court, we find no merit in his second review effort.
Revenue cross appeals by asserting that the trial court should have held Klingler in civil contempt as well as criminal contempt. As noted above, certiorari, not appeal, is the proper method to review the refusal by a trial court to hold a party in contempt of court. Murphy v. Murphy, supra. Hence, we will treat Revenue's cross appeal as a petition for certiorari.
The trial court held Klingler in criminal contempt and fined him $50. Section 40-23-22, Code 1975, authorizes a circuit judge to hold a taxpayer who refuses to produce requested books and records in contempt and to fine him a maximum of $50 and imprison him in the county jail for a period not to exceed five days. Section 40-2-11 (8), Code 1975, authorizes a circuit judge to hold a taxpayer who has refused to produce requested books and records in contempt and punish him "as is now provided *Page 408 
for by law in cases of contempt in circuit court."
Section 12-11-30 (5), Code 1975, provides as follows:
 "The circuit court may punish contempts by fines not exceeding $100.00 and by imprisonment not exceeding five days. The power of the circuit court to enforce its orders and judgments by determinations of civil contempt shall be unaffected by this section."
Furthermore, all courts have inherent authority to punish for contempt, in interest of protecting their dignity and demanding obedience to their decrees. Ex parte Klingler, 438 So.2d 302
(Ala.Civ.App. 1982), aff'd in part, rev'd in part,438 So.2d 307 (Ala.), on remand 438 So.2d 310 (Ala.Civ.App. 1983).
In the present case the circuit court found Klingler in criminal contempt for his refusal to produce certain books and records and to answer questions related thereto. Such an order preserves the authority and dignity of the court and punishes the contemnor for noncompliance with an order of the court. Moreover, such an order is in keeping with the penalty imposed by section 40-2-11 (8) and section 40-23-22, Code 1975, for failure to produce the requested books and records.
Revenue says that it has no quarrel with the punishment imposed on Klingler in the form of a fine for disobedience of the court's orders, but it is interested in the production of Klingler's records for audit. Revenue wants Klingler coerced into producing the sought after records and it says this can be done only by holding Klingler in civil contempt. Civil contempt is imposed to coerce compliance with a court's order usually for a party's benefit. State ex rel. Payne v. Empire LifeInsurance Co., 351 So.2d 538 (Ala. 1977). However, in an ordinary contempt proceeding, there is no prohibition against finding a person in criminal contempt as well as civil contempt in the same case where the facts so warrant. Wilson v. Freeman,402 So.2d 1004 (Ala.Civ.App. 1981).
The instant case is not the usual, ordinary type contempt proceeding. Here, the penalty for failure to produce the requested books and records has been provided by the legislature in sections 40-2-11 (8) and 40-23-22, Code 1975.
Although the penalty contained in section 40-2-11 (8) is not as clearly defined as it is in section 40-23-22, nevertheless, the language in section 40-2-11 (8) could be construed to refer to the general authority to punish for contempt as is set out in section 12-11-30 (5), Code 1975, which authorizes a fine not exceeding $100 and/or a five day stay in jail. Viewed in this light the trial court's order falls within the penalty provisions of both section 40-2-11 (8) and section 40-23-22.
Even if section 40-2-11 (8) is disregarded because of the uncertainty in the penalty prescribed, the trial court's order falls squarely within the penalty provision of section40-23-22.
Even if we were to view civil contempt as the more appropriate remedy, we will not substitute our judgment for that of the trial court. The legislature prescribed the penalty for the failure to produce books and records for a tax audit, and that penalty has been assessed by the trial court. SeeMcDavid v. State, 439 So.2d 750 (Ala.Cr.App. 1983). Consequently, we cannot say that the trial court erred in not holding Klingler in civil contempt as well as criminal contempt. We find no error in this aspect of the trial court's order.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 409