IN RE HOWARD SIEGEL.

HOWARD SIEGEL, T/A MARTIN JEWELERS, APPELLANT, v. NEW JERSEY DIVISION OF TAXATION, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 14, 1986—Decided March 13, 1986.

Before Judges MICHELS, GAULKIN and STERN.

*Herbert L. Zuckerman,* argued the cause on behalf of appellant (*Sills, Beck, Cummis, Zuckerman, Radin, Tischman & Epstein,* attorneys; *Steven H. Sholk,* on the brief).

*Jeanne E. Gorrissen,* Deputy Attorney General, argued the cause on behalf of respondent (*W. Cary Edwards,* Attorney General, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel).

The opinion of the court was delivered by

STERN, J.S.C., (temporarily assigned).

This appeal requires us to decide whether the Division of Taxation, in furtherance of an investigation into possible violations of the sales-tax act, may subpoena the sales records of a sole proprietorship without violating the Fifth Amendment privilege against self-incrimination.[1] The trial court ruled that production of the records would not impair the privilege, and that, even if the privilege did apply, it should be suspended under the required-records exception.

On November 14, 1984 the New Jersey Division of Taxation issued a subpoena *duces tecum* directing Howard Siegel, sole proprietor of a jewelry store trading as Martin Jewelers, to produce documents in the Division's office on November 28, 1984. The subpoena required production of "All sales invoices, sales tax exemption certificates, credit card charge slips, delivery tickets, sales journal, general ledger and customer mailing lists covering the period of January 1, 1980 through September 30, 1984."

When Siegel failed to comply, the Division moved in the Law Division to enforce the subpoena, pursuant to *R.* 1:9–6(b). An order to show cause issued on January 3, 1985 and Siegel filed

---

[1] There is no comparable State constitutional provision, and no privilege has been asserted under state law. *See generally State v. Deatore,* 70 *N.J.* 100, 115–116 (1976) regarding the privilege as part of our state common law and rules of evidence.

a cross-motion to quash the subpoena on the ground that required production would violate his privilege against self-incrimination.

A hearing on the applications was held before Judge Lenox on March 29, 1985. After considering the oral arguments and briefs of the parties, Judge Lenox rendered an oral opinion granting the order to enforce the subpoena and denying the motion to quash, except to the extent he determined that the subpoena was overbroad. He reduced the time period covered by the subpoena from four to three years, since the record-keeping provision of the Sales and Use Tax Act requires that records be maintained for only three years. Further, he ordered that no records need be produced unless they were of the type which had to be maintained pursuant to the statute. A conforming order was entered on April 19, 1985, requiring production of "copies of each sales slip, invoice, receipt, statement or memorandum of taxable sales ... covering the period October 28, 1981 through October 28, 1984."

Siegel has appealed and, pursuant to our order, has deposited the subpoenaed documents with the Clerk of Mercer County, without prejudice to his claims, pending the appeal.

We affirm the order enforcing the subpoena and denying the motion to quash substantially for the reasons expressed by Judge Lenox.

The subpoena, as amended, compelled production of records required to be maintained pursuant to *N.J.S.A.* 54:32B–16 which provides:

> Every person required to collect any tax imposed by this act shall keep records of every sale or amusement charge or occupancy and of all amounts paid, charged or due thereon and of the tax payable thereon, in such form as the director may by regulation require. Such records shall include a true copy of each sales slip, invoice, receipt, statement or memorandum upon which subsection (a) of section 12 [*N.J.S.A.* 54:32B–12] requires that the tax be stated separately. Such records shall be available for inspection and examination at any time upon demand by the director or his duly authorized agent or employee and shall be preserved for a period of 3 years, except that the director may

consent to their destruction within that period or may require that they be kept longer.

Siegel acts as a "trustee for and on account of the State" in his role as collector of the required sales tax, *see N.J.S.A.* 54:32B–12(a). He is required to maintain the subpoenaed documents in that context and as a condition of doing business in New Jersey. Siegel acknowledges that the contents of the subpoenaed documents are not privileged, and the subpoena does not require any appearance for purposes of giving testimony. *See United States v. Doe,* 465 *U.S.* 605, 609–611, 104 *S.Ct.* 1237, 1241–1242, 79 *L.Ed.* 2d 552, 559–560 (1984); *Fisher v. United States,* 425 *U.S.* 391, 409, 96 *S.Ct.* 1569, 1580, 48 *L.Ed.* 2d 39, 55 (1976).

The act of production of the items listed in the subpoena, as amended by Judge Lenox, is not privileged. It is true, as Siegel contends, that *United States v. Doe, supra,* held that the production of business records from a sole proprietorship by subpoena in the circumstances of that case involved testimonial self-incrimination. 465 *U.S.* at 611, 104 *S.Ct.* at 1242, 79 *L.Ed.* 2d at 560. However, *Doe* did not involve records required to be maintained by law. As noted within footnote three of the majority opinion, *Doe* concerned

> ... only business documents and records not required by law to be kept or disclosed to a public agency. [465 *U.S.* at 607, 104 *S.Ct.* at 1240, 79 *L.Ed.* at 557].

■■ While recent decisions are divided on whether *Doe* applies in the corporate setting or with respect to a "collective" entity, *see e.g., In Re Two Grand Jury Subpoenae Duces Tecum,* 769 *F.*2d 52, 56–59 (2 Cir.1985); *In re Grand Jury Matter,* 768 *F.*2d 525 (3 Cir.1985); *Rogers Transp., Inc. v. Stern,* 763 *F.*2d 165 (3 Cir.1985), it is now clear that the Fifth Amendment "protects against compulsory surrender of (1) personal business records, (2) in the possession of a sole proprietor or practitioner, (3) only with respect to the testimonial act implicit in the surrender itself." *In re Kave,* 760 *F.*2d 343, 356 (1 Cir.1985). Moreover, while the Supreme Court decision in

*Doe* made clear that the privilege protects against "compulsory surrender" of certain documents as well as oral testimony, the opinion does not overrule existing law which has permitted the government to secure business records of a sole proprietor or practitioner which are required by law to be maintained. Production of those types of documents has not been deemed to constitute compelled self-incrimination in violation of the Fifth Amendment and supports enforcement of the amended subpoena in this case. *See Shapiro v. United States*, 335 *U.S.* 1, 68 *S.Ct.* 1375, 92 *L.Ed.* 1787 (1948); *State v. Stroger*, 97 *N.J.* 391, 405–407 (1984), *cert.* den. —— *U.S.* ——, 105 *S.Ct.* 971, 83 *L.Ed.* 2d 974 (1985).[2] *Compare Grosso v. United States*, 390 *U.S.* 62, 67–69, 88 *S.Ct.* 709, 713–714, 19 *L.Ed.*2d 906, 912–913 (1968); *Marchetti v. United States*, 390 *U.S.* 39, 53–57, 88 *S.Ct.* 697, 705–707, 19 *L.Ed.*2d 889, 901–903 (1968).

■ As in *Stroger*, the holding in *Doe* "is inapplicable here in that defendant's records were required to be kept and therefore were already known to exist, thereby removing any notion of compelled testimony through their production." *State v. Stroger, supra*, 97 *N.J.* at 406–407.[3] *Compare United States v.*

---

[2]It is true, as defendant suggests, that in *Stroger* the State knew of the existence of the records because they were voluntarily turned over to the Disciplinary Review Board. However, that fact is not dispositive. Particularly in light of footnote three in *Doe*, we cannot conclude that the Supreme Court in that decision essentially overruled the "required-records exception" without so stating. As stated in *Shapiro v. United States, supra*, 335 *U.S.* at 33, 68 *S.Ct.* at 1392, 92 *L.Ed.* at 1807:

> ... the privilege which exists as to private papers cannot be maintained in relation to 'records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation and enforcement of restrictions validly established.'

[3]Justice Clifford's discussion of *Doe* is worth quoting in detail as the analysis is significant in this case.

> The Supreme Court recently addressed the issue of the applicability of the fifth-amendment protection to the business records of a sole proprietorship, in *United States v. Doe*, 465 *U.S.* 605, 104 *S.Ct.* 1237, 79 *L.Ed.*2d 552

*Fox,* 721 *F.*2d 32 (2 Cir.1983) (pre-*Doe* case, in which personal and business records of doctor and his wife were subpoenaed); *In re Addonizio,* 53 *N.J.* 107, 117–129 (1968) (personal records subpoenaed). *See also Ex Parte Klingler,* 438 *So.*2d 307 (Alabama Sup.Ct.1983) (subpoena of sales tax records required by state law valid; remand to ascertain if subpoenaed records were "required"); *Klingler v. White,* 465 *So.*2d 405 (Ala.Civ. App.1985) (review of contempt proceedings).

Accordingly, the order under review is affirmed.

---

(1984). The Court found that when the person whose records have been requested does not claim that he or she prepared the documents involuntarily or that he or she was forced to restate, repeat, or affirm the truth of the records' contents, then the contents of those records are not privileged. *Id.* at 611, 104 *S.Ct.* at 1242, 79 *L.Ed.*2d at 560; *accord Shapiro v. United States,* 335 *U.S.* 1, 32–33, 68 *S.Ct.* 1375, 1391–1392, 92 *L.Ed.* 1787, 1807 (1948) (citing *Davis v. United States,* 328 *U.S.* 582, 590, 66 *S.Ct.* 1256, 1260, 90 *L.Ed.* 1453, 1458 (1946), for the proposition that the privilege that exists in respect of private papers cannot be maintained in relation to 'records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation and the enforcement of restrictions validly established'); *In re Grand Jury Empanelled March 19, 1980,* 680 *F.*2d 327, 328, 336 n. 15 (3d Cir.1982) (excepting from the court's consideration of the applicability of the protections against self-incrimination afforded by the fifth amendment those records that are required to be kept by law); *see also Spevack v. Klein,* 385 *U.S.* 511, 520, 87 *S.Ct.* 625, 630, 17 *L.Ed.*2d 574, 580 (1967) (Fortas, J., concurring in judgment).... Nor can Stroger gain any advantage from *United States v. Doe, supra,* 465 *U.S.* 605, 104 *S.Ct.* 1237, 79 *L.Ed.*2d 552, in which the act of producing the requested documents was found to be privileged in that the Court considered it potentially testimonial. The party who was the subject of a subpoena would have had to admit that the documents existed, that they were in his possession, and that they were authentic. *Id.* at 611–13 & n. 11, 104 *S.Ct.* at 1242–43 & 11, n. 79 *L.Ed.*2d at 560–61 & n. 11. This holding in *Doe* is inapplicable here in that defendant's records were required to be kept and therefore were already known to exist, thereby removing any notion of compelled testimony through their production. [*State v. Stroger,* 97 *N.J.* 391, 405–407 (1984) ].