ROBERTSON, Presiding Judge.
Clark Brickley and Diana Brickley were divorced on August 8, 1988. The parties had one child, and custody was awarded to the mother. The father was awarded visitation and ordered to pay child support.
In 1990, the paternal grandmother filed a motion to modify in which she sought grandparent visitation. In response, the mother filed a crossclaim against the father, alleging that he was in contempt.
The case was originally set for trial on July 2, 1990, but was continued until August 30, 1990. The trial was then held on August 30, in spite of the absence of the father. The father’s attorney asserted that the father was not there because he was sick.
Following the trial of the case, the trial court found “Clark Lynn Brickley has failed to appear in person although duly served with the Petition for Citation for Contempt and the Order to appear in Court” and ordered that “the Sheriff of Colbert County, Alabama, or any of his deputies shall arrest the said Clark Lynn Brickley for his failure to appear in this Court, and upon such arrest shall forthwith bring the said Clark Lynn Brickley before this Court for an immediate hearing.”
The father, Clark Brickley, appeals and asserts that the court did not have the authority to issue an attachment under § 12-1-8, Code 1975. Pursuant to that section, the courts in this state have the powers to issue attachments and summary punishment for contempts where there is “disobedience or- resistance of any ... party to any lawful ... process of the court.”
Mr. Brickley failed to appear in court after the wife filed her crossclaim against him, requesting that he be cited for contempt. Although Mr. Brickley’s attorney asserted that Mr. Brickley was sick, testimony was that he was not sick, that he had been in Colbert County approximately three weeks prior to the trial and had visited with his child, and that he was perfectly able to travel.
At the end of the trial, the court indicated that it was going to issue a bench warrant for Mr. Brickley. It did so after noting all of the aforementioned facts concerning Mr. Brickley’s absence at trial. This court also notes that other record testimony reveals that Mr. Brickley stated that he just had no intention of coming back into court.
All courts have the power to punish for contempt, in interest of protecting their dignity and demanding obedience to their decrees. Klingler v. White, 465 So.2d 405 (Ala.Civ.App.1984). Here, Mr. Brickley failed to appear for trial on two different occasions. Evidence presented indicated that he had no intention of abiding by the trial court’s orders. Thus, we find no error in the court’s finding Mr. Brickley in contempt for failure to appear.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.