This was an action to determine the arrearage of alimony and child support due under a Kentucky divorce decree and to obtain judgment thereon.
The parties were divorced in May 1976 by decree of the Circuit Court of Fayette *Page 888 
County, Kentucky. The decree ordered the husband to pay monthly installments of alimony and child support.
In March 1978 the wife filed a complaint in Jefferson County Circuit Court alleging that the husband was in arrears and seeking judgment against him for the amount of the arrearage. The wife moved for and was granted the appointment of a special agent for service of process under Rule 4.1 (b)(2) ARCP. Personal service was had upon the husband, a resident of Kentucky, in Jefferson County, Alabama on March 11, 1978.
The husband failed to answer or otherwise appear in defense of the action and the wife requested and received entry of default pursuant to Rule 55 (a) ARCP on November 29, 1978. The wife subsequently applied to the court for default judgment pursuant to Rule 55 (b)(2) ARCP. The trial court denied the application for default judgment on April 11, 1979. On May 30, 1979, the wife filed a second application for default judgment. The trial court denied this application on June 4, 1979. The wife appeals or in the alternative seeks a writ of mandamus. The wife rankly states in brief that she does not believe the trial court's denial of her application for default judgment to be a final judgment which will support an appeal. We agree.
The wife has properly invoked the jurisdiction of this court by her petition for writ of mandamus. Generally, mandamus will not be granted if the matter complained of can be presented ultimately on an appeal. The test to be applied in deciding whether mandamus should be granted to review an interlocutory order is whether remedy by appeal is adequate to prevent undue injury rather than mere availability of the remedy. Evans v.Insurance Company of North America, 349 So.2d 1099 (Ala. 1977). Here the defendant-husband is in default for failure to appear. Though a denial of entry of judgment after default may not be technically a final judgment, there appears little else the wife can do if the husband refuses to appear. Her rights should not remain undetermined because her adversary is unresponsive. We conclude mandamus to be a proper vehicle for review in this case.
The wife contends that she is entitled to judgment based upon the Kentucky divorce decree and her testimony that her husband is in arrears. It is the rule in Alabama that divorce decrees of sister states will be given full faith and credit under the Federal Constitution to the extent that the decree is no longer modifiable under the law of that state. Green v. Green,239 Ala. 407, 195 So. 549 (1940); Smith v. Smith, 361 So.2d 369
(Ala.Civ.App. 1978).
Under Kentucky law installments of alimony and child support become vested as they fall due and the courts have no power to modify past-due installments. Bailey v. Bailey, 294 S.W.2d 942
(Ky.App. 1956). The Kentucky divorce decree was entitled to full faith and credit to the extent of any arrearage and the Alabama court had the authority to determine that arrearage.Smith v. Smith, supra. However, this does not mean that the wife was automatically entitled to a default judgment.
It is well-established that an application for default judgment pursuant to Rule 55 (b)(2) is addressed to the sound discretion of the trial court. Mason v. Lister, 562 F.2d 343
(5th Cir. 1977). In cases involving the exercise of discretion by an inferior court mandamus may issue to compel an exercise of discretion, but not to control or review its exercise, except in a case of abuse of discretion. East v. Todd, 284 Ala. 495, 226 So.2d 153 (1969). Thus, a trial court may be ordered to enter default judgment only upon a showing that denial of that judgment was an abuse of discretion.
Although default judgments are not favored, when the adversary process has been halted because of an essentially unresponsive party, the diligent party must be protected from undue delay. H.F. Livermore Corporation v. Aktiengesellschaft *Page 889 Gebruder Loepfe, 139 U.S.App.D.C. 256, 432 F.2d 689 (D.C. Cir. 1970). Here the husband was in default for failure to appear. He was personally served with the complaint and summons and has failed to respond in any manner. In denying the wife's application for default judgment the trial court stated as grounds:
 The said Decree of Dissolution, however, relied upon by the Plaintiff provides:
 "It is further decreed that the above mentioned child support payments and the maintenance payments for the Respondent (the Plaintiff in our instant action), Amanda B. McBride, as set out in the above mentioned Property Settlement . . . shall be made by the petitioner (the defendant in our instant case) through the Fayette County Domestic Relations Office, and the Petitioner shall be responsible for any fees charged by the said Fayette County Domestic Relations Office."
 No testimony or other evidence has been presented to this court to indicate that the defendant has not made all payments, as required in the said decree, through the Fayette County Domestic Relations Office. It is therefore, ORDERED and ADJUDGED that the relief prayed for be, and hereby is, denied.
The wife argues that upon entry of default by the clerk the husband's liability was established and the only issue for the court's resolution was the amount of the arrearage. We do not agree.
Entry of default pursuant to Rule 55 (a) is not equivalent to the entry of default judgment under Rule 55 (b). Where, as here, an application for default judgment is made to the trial court, Rule 55 (b)(2) makes specific provision for just such a hearing as was had by the trial court. The rule states, "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper. . . ." The trial court held a hearing and apparently found proof lacking on what it considered an essential point. In the absence of a better record, we find no error in the trial court's application of Rule 55 to the wife's first application for default judgment.
However, it appears form the record that in her second application for default judgment the wife cured the assumed defect in proof. The second application was accompanied by an original computer printout of the records of the Fayette County, Kentucky, Domestic Relations Office concerning payments to that office by the husband. It appears from those records that there is an arrearage. It then became the duty of the court to determine the amount of the arrearage from the evidence before it and enter default judgment against the husband. We find the trial court's failure to do so to be an abuse of discretion and grant the wife's petition for writ of mandamus. The trial court is ordered to determine the amount of arrearage and enter judgment against the husband for that amount.
The wife's request for attorney fees is denied.
APPEAL DISMISSED; WRIT OF MANDAMUS GRANTED.
BRADLEY and HOLMES, JJ., concur.