This is a child support case.
The ex-wife appeals from an order of the Chambers County Circuit Court which, among other things, denied her petition to hold the ex-husband in contempt, excused his obligations under previous orders of child support and set the amount of such support payable in the future at $30 per week.
The parties were divorced in September 1975 by decree of the Superior Court of DeKalb County, Georgia. The decree awarded custody of the parties' minor child to the wife. The husband was ordered to pay $50 per week child support and other amounts in alimony.
The wife remained in Georgia and the husband moved to Chambers County, Alabama. The wife initiated proceedings in Georgia under the Uniform Reciprocal Enforcement of Support Act (URESA) to compel the husband's payment of child support. Pursuant to URESA, § 30-4-80, et seq., Code of Alabama (1975), the Chambers County Circuit Court ordered the husband to pay child support of $30 per week beginning December 18, 1975. On February 26, 1976, the court issued another order pursuant to URESA ordering the husband to pay $120 per month child support.
The wife moved to Alabama and in August 1980 filed a petition for Rule Nisi, seeking to hold the husband in contempt for failure to pay alimony or child support as required by the Georgia divorce decree. After a hearing the court refused to hold the husband in contempt. In addition, the court found the husband's alimony obligation to have been discharged, excused his obligation to pay child support due prior to the hearing date and ordered him to pay $30 per week child support beginning August 26, 1980. The wife appeals.
We note in beginning that appellee seeks to have the appeal dismissed on the ground that certiorari is the proper way to review the court's action refusing to cite for contempt. Although this assertion is technically correct, we can and do choose to treat the wife's appeal as a petition for certiorari and will consider her arguments accordingly. Armstrong v.Green, 260 Ala. 39, 68 So.2d 834 (1953); Wilson v. Freeman,376 So.2d 1096 (Ala.Civ.App.), cert. denied, 376 So.2d 1099 (Ala. 1979).
The wife raises three issues for our determination: (1) whether the trial court erred in excusing the husband's obligations under previous orders of child support, (2) whether the court erred in setting the amount of child support payable in the future at $30 per week, and (3) whether the court erred in failing to hold the husband in contempt for failure to pay child support.
As to appellant's first issue, the Georgia divorce decree set child support payments at $50 per week. It is clear from the record that the husband has not met his obligations under the Georgia decree. The Georgia cases hold that a court is without authority to "forgive" or "excuse" past-due installments of child support in proceedings brought by the wife against the husband to enforce a support order. Anderson v. Anderson,230 Ga. 885, 199 S.E.2d 800 (1973). See also, Roberts v.Mandeville, 217 Ga. 90, 121 S.E.2d 150. Alabama, similarly, provides that installment payments for child support under a divorce decree become final judgments as of the date due and are immune from change. Morgan v. Morgan, 275 Ala. 461,156 So.2d 147 (1963). We have previously held that final judgments for *Page 1049 
child support of a sister state require full faith and credit in the courts of Alabama, and Alabama courts may determine the amount of arrearage under the foreign judgment. McBride v.McBride, 380 So.2d 886 (Ala.Civ.App. 1980); Smith v. Smith,361 So.2d 369 (Ala.Civ.App.), cert. denied, 361 So.2d 372 (Ala. 1978). The court erred in excusing the husband's obligations as to past-due installments of child support, though any payments made under the URESA order may be credited against the total amount accumulated under the Georgia judgment. § 30-4-93 (b), Code of Alabama (1975).
The appellant next claims that the trial court erred in setting the amount of support payable in the future at $30 per week. Appellant views this as a modification of the Georgia decree's $50 per week support provision and challenges the authority of the circuit court to so modify. Alabama courts may modify support provisions in a sister state's divorce decree with respect to future installments when the parties are properly before it. Wood v. Wood, 275 Ala. 305, 154 So.2d 661
(1963); Green v. Green, 239 Ala. 407, 195 So. 549 (1940). Although this matter was initiated by the appellant as a contempt proceeding, and we find no petition for modification, the record tends to indicate that it evolved into inclusion of present ability of appellee to pay future child support.
We view the order setting future support at $30 per week not as a modification of the Georgia decree, but as an original order of support. The parties were before the court. It had jurisdiction to enter an order for support. There being no modification, the Georgia decree remains in effect for whatever it is worth. The Georgia decree was not, as appellee contends, modified by the earlier URESA support orders. Ellison v.Ellison, 48 Ala. App. 80, 261 So.2d 911 (1972); § 30-4-93 (b), Code of Alabama (1975).
Finally, appellant claims the court erred in failing to hold the husband in contempt. Our scope of review on the issue of contempt is limited to questions of law and, if there is any evidence to support its finding, the judgment of the trial court will not be disturbed. Beavers v. Beavers, 359 So.2d 387
(Ala.Civ.App. 1978). Inability to pay is a valid defense for failure to comply with the support provisions of a divorce decree. Parmer v. Parmer, 373 So.2d 846 (Ala.Civ.App. 1979);Mahaffey v. Mahaffey, 238 Ga. 64, 230 S.E.2d 872 (1976). It is sufficient that there was evidence from which the court could find an inability to pay in the present case. There was no error in that respect.
For error in excusing the husband's past-due child support obligations, the judgment of the trial court in that respect is due to be set aside. The trial court is directed to do so.
The appellant-wife is granted an attorney's fee of $300 for her representation on appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.