This is a child support case.
The parties were divorced in Indiana in 1978, and the father was ordered to pay to the mother sixty dollars each week for the support of their two children. That divorce judgment was modified in December 1980. At that time the Indiana court approved an agreement of the parties, whereby each party was granted the custody of one child with each party having full responsibility for the support and maintenance of the child in that party's custody and control. The mother filed the present proceedings in the Circuit Court of Mobile County, seeking a judgment for child support arrearage due to her under the 1978 Indiana divorce judgment. The mother further prayed that the father be required to resume making support payments to her for the child in her custody. She averred that, in October 1984, the Indiana court transferred jurisdiction of the case to the State of Alabama.
After an ore tenus trial before the circuit court, where both parties were present and were represented by counsel, a judgment was entered in September 1985, whereby the father was ordered to pay to the mother thirty dollars each week as support for the minor child in her custody and the mother was further awarded a judgment against the father in the amount of $724 for his arrearage in child support payments.
The father appealed in due course. The record does not contain any transcript of the evidence or any authorized substitute therefor.
He first argues that the trial court erred in rendering the judgment for arrearage against him because it had no jurisdiction over the matter.
Since both parties were before the court and no issue was made as to in personam jurisdiction, it is certain that the trial court had jurisdiction over the parties.
Subject matter jurisdiction also existed. A divorce judgment of a sister state is entitled to full faith and credit to the extent of any child support arrearage, and an Alabama court has the authority to determine that arrearage. McBride v. McBride,380 So.2d 886 (Ala.Civ.App. 1980). Also, since we do not have the benefit of a transcript of the testimony which was heard by the trial court, or of any authorized substitute therefor, we must conclusively presume that the trial testimony was adequate and sufficient to authorize the issuance of the arrearage judgment against the father. Jones v. Jones, 464 So.2d 125
(Ala.Civ.App. 1985); Blase v. Blase, 419 So.2d 599
(Ala.Civ.App. 1982).
The father next argues that his due process and equal protection rights were violated since he was ordered to support the child in the mother's custody and since she was not ordered to support the child in his custody.
Again, we are faced with the conclusive presumption of the adequacy of the evidence to uphold the judgment.
When the parties are properly before the court, an Alabama court has jurisdiction to alter, vary from, or, in effect, to modify the future child support payments of a sister state's judgment. Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App. 1986);Murphy v. Murphy, 450 So.2d 143 (Ala.Civ.App. 1984); Murphy v.Murphy, 395 So.2d 1047 (Ala.Civ.App. 1981).
On its face, the 1985 Alabama judgment for child support does not violate any constitutional provision. It would be absurd to hold that a mother may not be awarded needed child support for a child in her custody simply because the father received no award from the mother for the support of a child in his custody. One child might need total support from a non-custodial parent, and another child might not have any such need. Also, one parent might be absolutely financially destitute *Page 950 
and not able to provide any support while the other might easily and amply provide for the needs of the child. After all, the needs of a child and the ability of either or both parents to provide for those needs are the two general polestars in an award for the support, maintenance, and education of a minor child. Williamson v. Williamson, 391 So.2d 115 (Ala.Civ.App. 1980).
When a father has custody of a minor child, the mother may be required to pay child support to the father, depending upon the circumstances of the case. Aplin v. Aplin, 423 So.2d 253
(Ala.Civ.App. 1982); Jenkins v. Jenkins, 418 So.2d 137
(Ala.Civ.App. 1982); Williamson, 391 So.2d 115.
These rules comply with the due process and equal protection constitutional clauses. The award of future child support to the wife violated no constitutional right of the father.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.