EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a postdivorce litigation.
The husband has appealed and argues four issues. Since he does not cite any authority in support of his appellate argument as to the first two issues, we affirm as to those two matters and write only to the remaining points of contention. Henderson v. Alabama A & M University, 483 So.2d 392 (Ala.1986).
According to the husband’s testimony, the divorce judgment awarded to him his personal effects and memorabilia, while the wife was granted the household furnishings and furniture. He sought the assistance of the trial court when some of the items which he contended had been granted to him by the divorce judgment were not given to him by the wife. After a contested hearing before the trial court, a judgment was entered whereby the wife was directed to turn over to the husband specified items, and she did so after the husband’s Rule 59, Alabama Rules of Civil Procedure, motion was overruled.
The husband presently contends that the trial court erred in failing to order the wife to deliver several specified items to him. Of those items, the husband had already obtained the possession of three of them and two more were actually ordered delivered to him, with the wife having made such delivery. There was contradictory testimony as to the remaining items. The ore tenus rule applies, and we must accept the trial court’s findings after personally hearing the testimony in postdi-vorce litigation as being correct and as being unalterable unless it was unsupported by the evidence or was palpably wrong. Hersman v. Spann, 479 So.2d 60 (Ala.Civ.App.1985); Latham v. Latham, 479 So.2d 61 (Ala.Civ.App.1985). Here, the judgment was not palpably wrong and was upheld by portions of the conflicting evidence as to those remaining items of personal property.
Last, the husband argues that the trial judge abused his discretion in viewing the wife’s home and in speaking to her at that time without the consent of the parties.
When all of the testimony had been heard and the postdivorce hearing was being concluded, the trial judge in open court informed the parties and their attorneys that a judgment on the matters under litigation would be forthcoming when the trial court had an opportunity to review all of the evidence and the file in the case. The trial judge remarked that he even knew the property, since he had gone upon the premises and looked at it, and that he had asked the wife one question on that occasion. The trial court then asked, “Now with that do both sides now want me to go ahead and make a ruling?” No response was made to that query by either party. The husband did not object or otherwise raise as an issue at that time, at any subsequent time, or through his Rule 59 motion, that the trial judge should not decide the case but should disqualify himself on account of his viewing of the premises.
We find no reversible error in the issue raised. By the very terms of the disclosure, it applied to an issue that must have been before the trial court in prior litigation as to which no appeal was taken. It had no connection with any postdivorce issue and, accordingly, was not strong enough to overcome the presumption of the trial court’s integrity. The disqualification, if any, of the trial judge was waived by the husband in allowing the trial court to decide the controversy without objection or motion to disqualify. Ross v. Luton, 456 So.2d 249, 255 (Ala.1984). The issue is raised for the first time on appeal.
The judgment of the trial court is affirmed.
*1115 The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.