This proceeding was instituted under the Uniform Reciprocal Enforcement of Child Support Act (U.R.E.C.S.A.). The father appealed from an adverse judgment.
While several judgments were entered by the trial court, that court stated that the evidence in support thereof primarily flowed from an ore tenus trial that was held before the trial court on April 17, 1986. The record does not contain the court reporter's transcript, a statement of the evidence or an agreed statement of the case under Rules 10(d) and 10(e), A.R.A.P., as to that April 17, 1986 hearing. Consequently, *Page 1230 
we are required to conclusively presume that the judgments with which this appeal is concerned were supported by the testimony which was presented before the trial court on April 17, 1986.Maker v. Maker, 487 So.2d 948 (Ala.Civ.App. 1986); Jones v.Jones, 464 So.2d 125 (Ala.Civ.App. 1985); Roberts v. Roberts,424 So.2d 644 (Ala.Civ.App. 1982).
No authority of any nature is cited by the father as to his first issue. We affirm as to it. Mowery v. Mowery,489 So.2d 1113 (Ala.Civ.App. 1986).
The only case cited under the second issue was O'Hara v.Floyd, 47 Ala. App. 619, 259 So.2d 673 (1972). In the absence of the testimony which was presented to the trial court on April 17, 1986, we conclusively presume that the evidence which was heard on that date met the O'Hara requirement that, in U.R.E.C.S.A. proceedings, the findings of the responding state of a duty of support must be based upon evidence given at the hearing of the case. Maker, 487 So.2d at 949. There being no citation of authority for the remaining argument made by the father under his second issue, we find no error as to that issue. Mowery, supra.
As to the father's third issue, he only attempts to distinguish the case of Northcutt v. Cleveland, 464 So.2d 112
(Ala.Civ.App. 1985), from the case at bar without citing any authority to uphold his argument. Mowery, supra, would likewise apply to that issue. Nevertheless, out of deference to the father's concerned counsel we note that Northcutt, supra; Exparte O'Neill, 420 So.2d 264 (Ala. 1982); and Willis v.Levesque, 402 So.2d 1003 (Ala.Civ.App. 1981), are determinative of the merits of that issue.
The judgment is affirmed for the foregoing reasons.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.