EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child support case.
The mother's complaint sought a judgment in the DeKalb County, Alabama, Circuit Court for past due child support which the father had been ordered to periodically pay by a Georgia divorce judgment and decree.
The father appeals from the circuit court’s final judgment which determined that the father’s child support arrearage under the Georgia divorce decree was $36,-800 and which entered a judgment in the mother’s favor and against the father for that amount. The father’s reply brief summarizes his argument whereby he “submits that the subject matter of a foreign judgment is the money or property for which the judgment was obtained, not the underlying cause of action. If there is no evidence of money or property belonging to the Defendant [father], in this state, there is no subject-matter jurisdiction.” In effect, he argues that, since there was no evidence that the father had $36,800 in the state of Alabama, there was no subject matter jurisdiction. We disagree.
Jurisdiction over the subject matter is the power of a particular court to hear and to determine the cause of action, the relief sought, or the general question that is then *695 before it. Constantine v. Constantine, 261 Ala. 40, 72 So.2d 831 (1954); Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153 (1942); Moffatt v. Cassimus, 238 Ala. 99, 190 So. 299 (1939); Ex parte Kelly, 221 Ala. 339, 128 So. 443 (1930); Woolf v. McGaugh, 175 Ala. 299, 57 So. 754 (1911).
The circuit court is granted general jurisdiction in all cases except as may otherwise be provided by law. Ala.Const. amend. 328, § 6.04(b). In an Alabama case concerning past due child support arising from a judgment of a sister state, that judgment is entitled to full faith and credit under Article IV, Section 1 of the Constitution of the United States to the extent that accrued child support under the sister state’s judgment is no longer modifiable under the law of the sister state. Maker v. Maker, 487 So.2d 948 (Ala.Civ.App.1986); Murphy v. Murphy, 395 So.2d 1047 (Ala.Civ.App.1981); McBride v. McBride, 380 So.2d 886 (Ala.Civ.App.1980). In Murphy, it was determined that it is the law of Georgia that a Georgia court is without authority to “forgive” or “excuse” past due installments of child support in proceedings brought by the mother to enforce a support order against the father. Murphy, 395 So.2d at 1048. That is still the law of Georgia. Skinner v. Skinner, 252 Ga. 512, 314 S.E.2d 897 (1984). Here, the Georgia judgment was entitled to receive full faith and credit.
In Maker, a case very similar to the present case, the mother filed proceedings in an Alabama circuit court seeking a judgment for child support arrearage under an Indiana divorce judgment and the Alabama trial court awarded a judgment against the father for $724 for such arrearage. One of the father’s arguments on appeal was that the trial court had no subject matter jurisdiction. We expressly decided that jurisdiction over the subject matter existed because a divorce judgment of a sister state is entitled to full faith and credit to the extent of any past due child support and that, therefore, an Alabama circuit court has the authority to determine that arrear-age. Maker, 487 So.2d at 949, citing McBride, supra.
Here, the trial court had subject matter jurisdiction, for it had the power or authority to hear and to determine the mother’s cause of action. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.