This is an appeal from a judgment ordering condemnation and forfeiture of $9,886.00 in United States currency pursuant to § 20-2-93, Ala. Code 1975 (1984 Repl.Vol.). The defendant, Kenneth Crittenden, *Page 28 
appeals, contending that the State failed to prove that the forfeiture provisions provided in § 20-2-93 were applicable to the facts of this case.
Section 20-2-93, prior to its amendment which became effective May 13, 1988, reads, in pertinent part, as follows:
"(a) The following are subject to forfeiture:
". . . .
 "(4) Lawful currency (money) of the United States of America seized:
". . . .
 "b. On the person of any human being found in the act of selling or receiving, or attempting to sell or receive, property described in subdivisions (1) or (2) of this subsection;
 "c. Inside the room, closet, hallway, passageway or other intermediate area of any building of any type whatsoever, wherein any human being is found in the act of selling or receiving, or attempting to sell or receive, property described in subdivisions (1) or (2) of this subsection. . . ." (Emphasis supplied.)
The State must establish a prima facie case before it can properly seize and condemn property pursuant to this statute. In order to establish a prima facie case, the State must establish by reasonable satisfaction the following two elements: (1) that the defendant was found in the act of selling or receiving or attempting to sell or receive a controlled substance and (2) that money was used or intended for use in a transaction which would be in violation of the Alabama Controlled Substances Act. Hayden v. State ex rel.Galanos, 513 So.2d 638 (Ala.Civ.App. 1987); $3,976.00 UnitedStates Currency v. State, 484 So.2d 1088 (Ala.Civ.App. 1985).
The facts indicate that the Jefferson County sheriff's department had the defendant's apartment under surveillance on November 16, 1987. The deputies observed an unidentified man enter the defendant's apartment. Shortly thereafter, the deputies observed the unidentified man exit the defendant's apartment and drive away in his vehicle. The deputies stopped the vehicle a short distance from the apartment and arrested the driver for possession of cocaine. Shortly after arresting the driver, the deputies executed a search warrant on the defendant's apartment. The deputies found controlled substances at three different locations. In the kitchen, they found a residual amount of cocaine on some scales and .025 grams of cocaine in a plastic bag. They also found .016 grams of cocaine wrapped and divided between paper in the bedroom. The deputies also discovered money at three different places in the apartment: $7,923.00 was found in a safe in the hall; $1,894 was found on the floor in the rear bedroom; and $67.00 was found in a wallet under the bed in the rear bedroom. Tally sheets showing various transactions were found with the money. They also found two sets of triple beam scales, which are commonly used to weigh cocaine for the purpose of sale. As a result of the search, .045 grams of cocaine and $9,886.00 in United States currency were recovered from the premises and seized. The defendant was arrested for possession of cocaine.
On May 6, 1988, the State filed a petition seeking to have the above mentioned currency declared contraband and condemned under § 20-2-93. The trial court, after an ore tenus proceeding, granted this petition on the grounds "that the money in issue was used or intended for use in a transaction which would be in violation of the Alabama Controlled Substances Act."
A trial court's findings in an ore tenus case will be upheld on appeal if such findings are supported by the evidence. However, when there is no evidence to support the trial court's findings, as was the case here, we must reverse the trial court's judgment. Felder v. State, 515 So.2d 17 (Ala.Civ.App. 1987).
Section 20-2-93 is penal in nature and must be strictly construed. Felder v. State, supra. As noted previously, this statute specifically requires that a person be found either in the act of selling or attempting to sell a controlled substance. We have examined the record and find that this requirement was not met. Our finding is supported by the following testimony *Page 29 
provided by Officer Richardson on cross-examination:
 "Q. Did you, at any time when you entered that apartment, find Kenneth Crittenden in the act of selling cocaine?
"A. No, sir.
 "Q. Did you find him in the act of receiving any cocaine?
 "A. When we made entry, Mr. Crittenden was coming out of the bathroom. In the bathroom and, of course, this is adjoining — the bathroom adjoins with the kitchen and hall there. The toilet was running. Around the toilet lid was white powder residue. And in the bowl of the toilet was a single edge razor blade.
 "Q. But nothing other than facts consistent with use of cocaine?
"A. Yes, yes."
In view of the foregoing, we find that the State has failed to meet its burden of proof under § 20-2-93.
We note that the legislature amended § 20-2-93 in 1988. This amendment, however, did not become effective until May 13, 1988, approximately six months after the money in question was seized from the defendant's apartment. Consequently, this amendment is not applicable to the facts in the present case. We are thus bound to follow the prior decisions of the supreme court and this court and have no alternative but to reverse the judgment of forfeiture and remand this case for an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON, J., concurs.
HOLMES, P.J., concurs specially.