RUSSELL, Judge.
The parties to this action were divorced on November 30, 1981. Shortly thereafter, Frederick Hawkins (husband) began accruing an arrearage in child support payments ordered by the divorce decree. Gwendolyn Wallace (wife) commenced an action against the husband for criminal nonsupport.
On September 20, 1989, the Family Court of Jefferson County established the husband’s arrearage to be $5,223.20 and, furthermore, found him guilty of criminal nonsupport. The husband received a sentence of one year’s imprisonment, which was suspended conditioned upon his timely payment of $218.00 per month toward the ar-rearage. This appeal followed. We affirm.
Initially, we note that this appeal stems from the husband’s conviction for criminal nonsupport; however, because it was transferred to this court by the supreme court, we now consider it. Branch v. Greene County Board of Education, 533 So.2d 248 (Ala.Civ.App.1988).
On appeal, the husband raises three contentions of error by the trial court. First, he asserts that the Family Court of Jefferson County, Bessemer Division, was without jurisdiction to hear this matter due to the fact that the original divorce decree was entered by the Birmingham Division of the Circuit Court of Jefferson County. We disagree.
The action filed by the wife against the husband was for violation of § 13A-13-4, Ala.Code 1975 (1982 Repl.Vol.), which classifies an individual’s intentional failure to provide support which that person is able and legally obligated to provide as a Class A misdemeanor.
Clearly, the family court has exclusive and original jurisdiction over such actions. § 30-4-55, Ala.Code 1975 (1989 Repl.Vol.). Consequently, we find no error with respect to this issue.
The husband next contends that the trial court abused its discretion in finding him guilty of criminal nonsupport. He argues that he was without the present ability to pay his support obligations and, therefore, that he could not have been guilty of criminal nonsupport as it is defined in § 13A-13-4.
Inability to pay is an issue of fact to be determined by the trier of fact. See, e.g., Dawson v. Dawson, 453 So.2d 1054 (Ala.Civ.App.1984). Here, no transcript of the proceedings below was filed as part of the record on appeal. Thus, we are unable to review the factual basis upon which the trial court’s finding of criminal nonsupport is based. Consequently, we must conclusively presume that the judgment of the trial court with respect to that finding is supported by the testimony adduced below. Therefore, we find no error. See Ford v. Lines, 505 So.2d 1229 (Ala.Civ.App.1986).
Finally, the husband contends that the trial court erred in determining the amount of arrearage. He argues that the trial court’s determination of the amount was both arbitrary and capricious. However, as we have stated, no transcript of the proceedings below is contained in the record on appeal. Therefore, we have no other alternative but to presume that the trial court’s determination of the amount of arrearage was supported by the testimony at trial. Id.
*644 This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., concurs.
ROBERTSON, J., dissents.