ROBERT P. BRADLEY, Retired Appellate Judge.
This appeal is concerned with changing child visitation privileges.
On January 26, 1988 J.S.K. was held by the District Court of Dale County, Alabama to be the father of P.L.K. and was given certain visitation privileges. On March 29, 1989 the district court withdrew its order allowing visitation between father and daughter.
On December 12, 1990 the father filed a pro se petition in the district court asking that he be given visitation privileges with his daughter. On January 24, 1991 J.S.K. filed a motion pro se to modify the order establishing paternity and to reduce the amount of child support.
It appears from the record that all pending motions were to be heard by the court on February 26, 1991. After a hearing, the trial court entered an order on March 1, 1991 denying J.S.K.’s request to have visitation with his daughter. J.S.K. appealed this order on March 18, 1991.
On March 28, 1991 J.S.K. filed pro se a petition for writ of habeas corpus in the District Court of Dale County seeking, as best we can determine, visitation privileges with his daughter. The record does not reflect that this petition has been heard by or acted upon by the trial court. Therefore, the only matter properly before this court is the appeal of the trial court’s order of March 1, 1991 denying J.S.K.’s request to give him visitation privileges with his daughter.
As noted above, the trial court held a hearing on J.S.K.’s request for modification but there is no transcript of evidence from that hearing in the record, nor is there an agreed-to statement of the evidence authorized by Rule 10(d) and (e) of the Alabama Rules of Appellate Procedure. In the absence of such a transcript or agreed-to statement of the evidence, this court must conclusively presume that the trial court’s judgment is supported by the evidence received at the hearing. Ford v. Lines, 505 So.2d 1229 (Ala.Civ.App.1986); Rule 10(d) and (e), A.R.A.P. In this posture of the case, we have no alternative but to affirm the trial court’s judgment. Sides v. Matin, 511 So.2d 519 (Ala.Civ.App.1987).
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.