ROBERT P. BRADLEY, Retired Appellate Judge.
The parties were divorced in 1982 in the Circuit Court of Mobile County. The mother was awarded custody of the parties’ minor child, and the father was ordered to pay all of the child’s future medical and dental expenses. In September 1989 the mother filed a motion for contempt in which she alleged that the father had failed to pay certain medical expenses over the course of several years. After a hearing on the petition, the trial court entered a judgment on March 5, 1990 ordering the father to “continue to pay and be responsible for all medical and dental bills” of the child.
In December 1990 the mother filed a second petition for rule nisi alleging that the father had still not paid the medical and dental bills presented before the court on her first motion for contempt. After an ore tenus proceeding, the trial court did not find the father in contempt of court but did find that the father had failed to pay $659.62 in outstanding medical expenses. The mother was awarded this amount, as well as $200 in attorney’s fees. The father appeals from these awards.
The father argues that the court erred in ordering him to pay medical expenses that accrued prior to the mother’s first motion for contempt. The father bases his argument on the doctrine of res judicata, which bars litigation of issues in a second proceeding that could have been brought in a prior proceeding. The father claims that the elements of res judicata have been met in this case, thus precluding the mother from being awarded a judgment for medical expenses accruing prior to the 1990 judgment.
The record reveals the following: In the hearing on her first motion for contempt, the mother presented evidence of numerous unpaid medical expenses which the father was required to pay under the divorce decree. In its March 5 order on this first motion, the court required the father to “continue” to pay all medical and dental expenses of the children. The court neither found the father in contempt of the divorce decree, nor did it determine that there was an arrearage in the medical and dental expenses.
In May 1990 the mother sent the father a list of medical expenses, totaling about $890, that were still unpaid. All of these expenses had accrued before the March 5 order and some or all of them were before the trial court at the hearing on the mother’s first motion for contempt. Although some of these bills had been sent by doctors’ offices, at least one-half of the expenses were evidenced only by cash register receipts from various drugstores. These receipts showed only amounts and did not identify the items purchased. The father paid the mother $283.20 for various doctors’ bills but paid nothing toward the expenses shown on the drugstore receipts. *396 The mother filed her second petition for rule nisi to force payment of these receipts and other miscellaneous expenses.
After reciting these facts, we must now apply the elements of res judicata to them. These elements are as follows: (1) there must be substantial identity between the parties in the prior and subsequent suits, (2) there must be the same cause of action in both suits, (3) the previous case must have been decided by a court of competent jurisdiction, and (4) the previous adjudication must have reached the merits of the case. Ex parte McCracken, 576 So.2d 664 (Ala.1991). If these essential elements are met, any issue that was or could have been adjudicated in the prior action is barred from litigation. McCracken.
Here, it is obvious that the parties in the first and second proceedings were the same. Moreover, the first cause was heard by a court of competent jurisdiction. We must now determine whether the cause of action was the same in both suits.
Regardless of the form of action, the issue is the same for res judicata purposes when it is supported in both actions by substantially the same evidence. Garris v. South Alabama Production Credit Ass’n, 537 So.2d 911 (Ala.1989). In the hearing on her second petition for rule nisi, the mother herself testified that payments she was seeking were for bills that were brought before the trial court on her first motion for contempt. It is thus clear that nonpayment of the same bills was the issue before the trial court in both proceedings.
We next address whether the trial court reached the merits in the mother’s previous motion for contempt. As previously noted, the court did not specifically find the father in contempt after hearing the motion, nor did it order him to pay any amount of outstanding medical bills. Rather, the court merely reiterated the divorce decree by requiring the father to “continue” to pay these expenses. We thus conclude that the trial court reached the merits of the mother’s first motion for contempt and denied it. By not ruling for the mother, the court, in effect, ruled against the mother’s claims. The mother did not appeal that order.
In view of the foregoing, we find that all the elements of res judicata have been met in this case. Accordingly, the trial court erred in ordering the father to pay expenses that accrued before the first petition for contempt. After examining the record, we do not find any evidence of outstanding medical bills dating after the time of the first petition. The amount of $659.52 awarded to the mother must therefore consist entirely of bills that were incurred before the first petition for contempt. For this reason, the entire award was in error and must be reversed.
The father next argues that the trial court erred in awarding the mother $200 in attorney’s fees. We have previously held that attorney’s fees in enforcement proceedings may not be awarded when no contempt citation is made. Scott v. Scott, 375 So.2d 797 (Ala.Civ.App.1979). There being no finding of contempt against the father in this case, the award of attorney's fees to the mother was in error and must be reversed.
The father’s request for attorney’s fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.