This case involves a court-ordered child support obligation pursuant to a divorce.
The parties originally divorced in 1978 in Connecticut. Inter alia, the wife was awarded custody of the two children of the marriage and the husband was ordered to pay child support. They remarried each other in Alabama in 1985, then divorced again in 1986, after both children were past their minority. In 1987, the wife filed a petition for the ascertainment of child support. Ultimately, the trial court entered a judgment against the husband for $16,431.35, i.e., the amount of child support that the husband was in arrears before the 1985 remarriage. The husband's post-trial motion was denied. Hence, this appeal.
The dispositive issue is whether the trial court erred in ordering a judgment for child support arrearage against the husband. Neither party contends that the court-ordered child support obligation was due after their subsequent remarriage. We are only concerned with the period of time from the original divorce decree in 1978 to the date of the remarriage in 1985.
The husband does not dispute that he did not pay all of the support ordered in the first divorce decree that he was obligated to pay during the children's minority. It is his position that the second marriage to the wife served to, in effect, "wipe the slate clean" as it pertained to the child support arrearage. He further contends that even if the subsequent marriage did not extinguish the child support arrearage, the parties litigated the child support arrearage issue in the second divorce proceeding and that res judicata bars the wife from relitigating that issue here.
The wife asserts that child support obligations become final judgments as of the due date and are subject to being collected as are any other judgments. She contends that res judicata has no application in an action where she is merely seeking to enforce the payment of a judgment for child support arrearage. She cites Mann v. Mann, 550 So.2d 1028 (Ala.Civ.App. 1989), to support her position that the trial court is without authority to discharge the husband from support payments which have become due under an original divorce decree.
We are mindful of the well-established rule that when evidence is presented ore tenus, as in the instant case, the trial court's judgment is presumptively correct and is subject to being set aside only for *Page 1015 
plain and palpable abuse of discretion. Beckwith v. Beckwith,475 So.2d 575 (Ala.Civ.App. 1985). Matters concerning child support rest soundly within the trial court's discretion and will not be reversed absent a showing that the trial court has abused its discretion or that its determination is plainly and palpably wrong. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985). The trial court has continuing jurisdiction over matters of child support, and its judgment may be modified in the future due to changed circumstances. Conradi v. Conradi,567 So.2d 364 (Ala.Civ.App. 1990).
Child support obligations have been the subject of a vast number of cases; therefore, the law in Alabama regarding past-due installments of child support is well established. The amount of the child support set by a divorce judgment cannot be waived or altered by the parties. Mann, supra; Morgan v.Morgan, 275 Ala. 461, 156 So.2d 147 (1963). Court-ordered child support payments become final money judgments on the dates that they are due and are thereafter immune from change or modification. Morgan, supra. Past-due installments of child support are final judgments which may be collected as any other judgment. Motley v. Motley, 505 So.2d 1228 (Ala.Civ.App. 1986); Latham v. Latham, 479 So.2d 61 (Ala.Civ.App. 1985). A trial court may not modify, release, or discharge the obligor of past-due child support once the obligation matures and becomes final under the original divorce decree. Mann, supra;Endress v. Jones, 534 So.2d 307 (Ala.Civ.App. 1988); StateDepartment of Human Resources v. Hulsey, 516 So.2d 720
(Ala.Civ.App. 1987); Petty v. Petty, 479 So.2d 1288 (Ala.Civ.App. 1985). Further, child support judgments are subject to a twenty-year statute of limitations. Parnell v. Parnell,500 So.2d 1137 (Ala.Civ.App. 1986); Solinger v. Solinger,57 Ala. App. 225, 327 So.2d 721 (Ala.Civ.App. 1975).
In the instant case, the Connecticut divorce decree was before the trial court, providing sufficient proof of the support provisions of the judgment. See Taylor v. Taylor,486 So.2d 1294, 1296 (Ala.Civ.App. 1986), where uncontradicted testimony "adequately and competently proved the Florida divorce judgment as to child support." It is well established that a divorce judgment of a sister state is entitled to full faith and credit to the extent of any child support arrearage, and an Alabama court has the authority to determine that arrearage. Hixson v. Haygood, 516 So.2d 694 (Ala.Civ.App. 1987); Maker v. Maker, 487 So.2d 948 (Ala.Civ.App. 1986);McBride v. McBride, 380 So.2d 886 (Ala.Civ.App. 1980); Greenv. Green, 239 Ala. 407, 195 So. 549 (1940). Even if the past-due payments are not final judgments entitled to full faith and credit, a trial court may determine arrearage as a matter of comity. Smith v. Smith, 361 So.2d 369 (Ala.Civ.App. 1978).
The husband does not dispute that he accrued an arrearage of child support prior to the 1985 remarriage and that he has not paid the arrearage. He contends that his remarriage to the wife served to "forgive" any arrearage because, he claims, the support order dissolved or terminated upon the subsequent remarriage of the parties. Certainly, one may defend a collection action by pleading that payment or discharge was by some means other than that expressly directed in the divorce decree. Binns v. Maddox, 57 Ala. App. 230, 327 So.2d 726
(Ala.Civ.App. 1976). Here, the husband argues that under Alabama law, the subsequent remarriage of the parties to each other terminates the divorce court's jurisdiction and nullifies the provisions regarding child support. He cites Ray v. OhioNational Life Insurance Co., 537 So.2d 915 (Ala. 1989), and Exparte Phillips, 266 Ala. 198, 95 So.2d 77 (1957), to support this position. Neither Ray nor Phillips concerned vested interests and those cases are, therefore, distinguishable from the case here. In the instant case, we are not concerned withfuture support provisions, but with past-due support. The law is clear that past-due child support cannot be changed at this late date. Frasemer v. Frasemer, 578 So.2d 1346 (Ala.Civ.App. 1991).
The husband next argues that the trial court erred in considering the wife's action for the child support arrearage because, he claims, the action was barred by the doctrine *Page 1016 
of res judicata. He contends that the child support arrearage was an issue in the second divorce action. Interestingly, he does not provide a copy of the second divorce decree or any of the record in that second divorce case to support, or prove, his res judicata argument.
For res judicata to bar this action, certain elements must be present. They are: (1) there must be substantial identity between the parties in the prior and subsequent suits, (2) there must be the same cause of action in both suits, (3) the previous case must have been decided by a court of competent jurisdiction, and (4) the previous adjudication must have reached the merits of the case. Ex parte McCracken,576 So.2d 664 (Ala. 1991). See also, LeBlanc v. LeBlanc, 587 So.2d 394
(Ala.Civ.App. 1991). Doubtless, the parties were substantially the same in both actions; however, the cause of action differs in the two suits. It is undisputed that in the second divorce action, the children were no longer minors and child support was not an issue. There is testimony in the record supporting the trial court's finding that "In [the second divorce] action, this Court did not consider or enter any ruling concerning the effect, if any, the remarriage of the parties had on the accrued installments of child support." There is evidence in the record indicating that the child support arrearage, which may have been discussed during the second divorce proceeding, was not an issue and, therefore, that there was no adjudication concerning the arrearage.
On the record before us, which supports the trial court's findings, we cannot reverse the trial court's judgment. In light of the above principles of law regarding accrued child support obligations, the trial court correctly entered a judgment for the wife. As a result, the judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.