ROBERTSON, Presiding Judge.
This is an appeal from the condemnation and forfeiture of a 1984 Chevrolet pickup truck.
Following an ore tenus proceeding, the trial court entered a final judgment, setting out the evidence upon which it based its judgment, which found: “It is without dispute that the pickup truck was used to transport [cocaine] and is therefore subject to forfeiture under the provisions of § 20-2-93(a)(5), Alabama Code 1975.” The trial court further found that Mullins failed to meet the burden required of him pursuant to § 20-2-93(h).
Mullins’s only issue on appeal is whether his refusal to consent to a search of the pickup truck may be used to infer guilt or knowledge of a crime.
The record on appeal does not contain a transcript of the proceedings before the trial court, and there is no compliance with Rule 10(d) or (e), A.R.A.P. The only part of the record that makes reference to Mullins’s contention is in the trial court’s well-reasoned judgment, wherein it is noted that “Mullins refused to consent to a search of the truck without a search warrant”; however, there is no indication that the trial court based its judgment on that fact. The trial court’s findings reflect that there was sufficient legal evidence to support its judgment without considering Mullins’s refusal.
This court is mindful that the forfeiture statute is penal in nature and must be strictly construed. $9,886.00 United States Currency v. State, 541 So.2d 27 (Ala.Civ.App.1989). However, it is well established that when a trial court’s judgment is based on oral testimony that is not before this court, we are required to conclusively presume that the trial court’s judgment is supported by that testimony. Mitchell v. Mitchell, 506 So.2d 1009 (Ala.Civ.App.1987); Ford v. Lines, 505 So.2d 1229 (Ala.Civ.App.1986).
The trial court s judgment is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.