McMILLAN, Presiding Judge.
This is an appeal from a conviction for criminal nonsupport. On August 14, 2001, the Madison County Juvenile Court declared James A. Baker to be the father of B.J. who was born on September 24, 1999.[1] The court ordered Baker to pay retroactive support and interest totaling $11,094.84, and child support of $305 per month beginning on September 8, 2001. On February 13, 2002, B.J.’s mother filed a complaint in the Madison County District Court, alleging that, in violation of § 13A-13-4, Ala.Code 1975, Baker had intentionally failed to provide the ordered support. On April 18, 2002, the district court granted Baker’s request for indigency status and appointed counsel to represent him at trial. On July 17, 2002, the day before trial, Baker filed a motion requesting a paternity test. There is no evidence indicating that the district court ruled on this motion. On July 18, 2002, Baker entered a plea of guilty. The district court ordered him to pay $15,006.09 in restitution and to serve six months in confinement. Baker appealed to the circuit court for a trial de novo.
*187 On August 28, 2002, the circuit court granted Baker’s July 17 motion requesting a paternity test. On October 9, 2002, the day of trial, the State filed a complaint in the circuit court, charging' Baker with violating § 13A-13-4, Ala.Code 1975. The circuit court then noted that Baker’s appeal to the circuit court was a criminal case, and it vacated its order granting paternity testing. After reserving this issue for appellate review, Baker entered a plea of guilty. The circuit court sentenced him to serve six months in confinement, suspended the sentence, and placed him’ on probation for two years. The court ordered Baker to pay $16,443.50 in restitution and a $25 crime victims assessment. The court ordered that the sentence was to run concurrently with Baker’s sentence on another guilty plea. Baker appealed to this court, and we transferred the matter to the Court of Civil Appeals. The Court of Civil Appeals subsequently found "that it lacked subject-matter jurisdiction and returned the case to us.
I.
Baker contends that the circuit court lacked jurisdiction to accept his guilty plea because, he says, the district court from which the ease was appealed “lacked jurisdiction over this matter ab initio.” He argues, citing Hawkins v. Wallace, 565 So.2d 642 (Ala.Civ.App.1990), and § 30-4-55, Ala.Code 1975, that the juvenile court had “exclusive jurisdiction” over the subject matter. He argues that this case should have been initiated in the juvenile court, rather than the district court, because it is an action for criminal nonsupport.
In Hawkins v. Wallace, supra, the Court of Civil Appeals, citing § 30-4-55, Ala. Code 1975, stated that the family court has “exclusive and original jurisdiction” over actions under § 13A-13-4, Ala.Code 1975. 565 So.2d at 643. Section 30-4-55 states that the juvenile court has “exclusive and original jurisdiction” in regard to criminal desertion and nonsupport proceedings. However, the juvenile court is a part of the district court, as the Court of Civil Appeals noted. See In re Calhoun, 446 So.2d 54 (Ala.Civ.App.1984). Rule 2(G), Ala. R. Juv. P., provides that “[w]hen the juvenile judge is a district judge, the juvenile court shall have and exercise full jurisdiction and power of the juvenile court and of the district court of the state.” (Emphasis added.)
Here, the juvenile judge who entered the default judgment declaring Baker as the, father of B.J. was a district judge. She had the full jurisdiction and power of the district court, including the power to accept, as she subsequently did, Baker’s guilty plea. See ■§ 13A-13-4, Ala.Code 1975, defining criminal nonsupport as a Class A misdemeanor, and § 12-12-32(a), giving the district court exclusive original trial jurisdiction over all offenses defined as misdemeanors. See also §■ 12-11-30, Ala.Code 1975* which provides .that appeals from criminal cases that originate in district court are to be heard in the circuit court. The juvenile court clearly had jurisdiction. Here, the district court and the circuit court on appeal both had jurisdiction over Baker’s appeals for trial de novo.
II.
Baker contends that an indigent defendant has the right to state-funded paternity testing when he is facing state action and the testing is material and necessary to his defense. He argues that, in Little v. Streater, 452 U.S. 1, 101 S.Ct. 2202, 68 L.Ed.2d 627 (1981), the United States Supreme Court ruled that an indigent defendant facing state action in a paternity case is denied due process and an adequate defense if he is not afforded *188 state-funded paternity testing. He argues that allowing the State to use the paternity judgment against him in the present criminal case while denying him the opportunity to disprove it results in a fundamental denial of due process.
Baker’s argument cannot be considered because it is not properly before this court on appeal. Baker did not object to the juvenile court’s adjudication of paternity or appeal the judgment entered by that court. He also failed to obtain a ruling on his subsequent motion for paternity testing filed in the district court. Baker’s remedy is to re-open the underlying judgment of paternity, rather than attempting to obtain evidence to attack that judgment in a higher court.
Section 26-17A-1, Ala.Code 1975, permits a court to re-open a judgment of paternity if there is scientific evidence that the adjudged father is not the biological father. Ex parte Jenkins, 723 So.2d 649 (Ala.1998). A father seeking to set aside a previous adjudication of paternity also may seek relief under Rule 60(b), Ala. R. Civ. P. Id. If Baker cannot afford to pay to obtain the necessary scientific evidence, he can request free testing from the Madison County Juvenile Court, the court in which the adjudication of paternity was made.
AFFIRMED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. Baker failed to appear after he was personally served with notice, and the court entered a default judgment, declaring that he was the father of B.J. and a daughter, C.N.J., who is not involved in the present appeal.